IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR L. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-1224 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Magistrate Judge Patricia L. Dodge |
| CORRECT CARE SOLUTIONS, INC., | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.      Recommendation

It is respectfully recommended that the Motion to Dismiss filed by Defendant Correct Care Solutions, Inc. (now known as Wellpath, LLC)("Wellpath") (ECF No. 94) be granted. It is further recommended that the Motion for Determination filed by Plaintiff Arthur L. Henderson (ECF No. 100) be denied.

### II.      Report

#### A.    Relevant Procedural Background

Plaintiff, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in 2023. (ECF No. 1.) In the operative Amended Complaint, Plaintiff asserts violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment. (ECF No. 41 ¶ 65.) The claims stem from events that occurred in 2019. The remaining Defendants are Wellpath and Christie Clayton, Administrator of the Estate of Michael Herbik.

During the pendency of this litigation, Wellpath filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code and was discharged pursuant to a plan confirmed in the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court"). *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. May 1, 2025) (Bankr. Doc. No. 2596).

On December 5, 2025, Wellpath filed a motion to dismiss, or in the alternative, motion for judgment on the pleadings (ECF No. 94). Wellpath asserts that as provided in the Bankruptcy Court's Order and Plan, all pre-petition claims against Wellpath were discharged and claimants, including Plaintiff, are enjoined from pursuing claims outside the process set forth by the Plan. Wellpath seeks dismissal of the claims against it with prejudice.

Plaintiff has filed a Response and Motion for Determination that Action may Proceed Solely to Recover Available Insurance Proceeds. (ECF No. 100.) Plaintiff states that he does not seek recovery from Wellpath, the Liquidating Trust established by the Bankruptcy Court,[1] or "estate assets." Instead, he seeks leave to proceed solely to establish Wellpath's liability and recover insurance proceeds.

Wellpath has filed a Reply in support of its motion to dismiss (ECF No. 102). This matter is fully briefed and ready for resolution.

### B.  Relevant Factual Background[2]

Wellpath and its affiliated companies filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas on November 11, 2024, at case number 24-90533. Subsequently, on May 1, 2025, the

---

[1] The Liquidating Trust is described in more detail herein.

[2] This recitation is not intended to be a full summary of the Wellpath Bankruptcy proceedings and is limited in scope to the matters at issue here.

Bankruptcy Court issued Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis (ECF No. 2596) (the "Confirmation Order").[3] Under the Plan, all Claims and Causes of Action (as those terms are defined by the Bankruptcy Court) against Wellpath and its affiliated debtors were discharged, and all claimants were permanently enjoined from commencing or continuing any proceeding connection with such claims, or enforcing recovery from, among others, the Debtors and Debtors' estates. The Plan became effective on May 9, 2025.

On June 4, 2025, the Bankruptcy Court issued a General Form of Order Regarding Lift Stay Motions (ECF No. 2907) (the "Stay Order").[4] The Stay Order clarified the impact of the Plan on actions against Wellpath and related entities. Pursuant to Article IX.A. of the Plan and Paragraph 3 of the Stay Order, all claims and causes of action against Wellpath, among others, were discharged. In addition, under Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released were permanently enjoined from, among other things, continuing any action with respect to these claims or recovering any judgment with respect to such claims.

Further, pursuant to Article IX.F. of the Plan, any holders of Claims or Causes of Action against Wellpath who did not affirmatively opt out of the Third-Party Release were permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against Wellpath. Those claimants who elected to opt out from the Third-Party Release could bring or continue to pursue claims against non-Debtor Defendants. *See* Stay Order,

---

[3] The Confirmation Order is attached to Wellpath's Motion as Exhibit A (ECF No. 94-2).

[4] The Stay Order is attached to Wellpath's Motion as Exhibit B (ECF No 94-3).

¶ 5; Plan, Article IX.F.[5] As provided by the Bankruptcy Court, any attempt to proceed with a claim or cause of action against Wellpath would violate the terms of the Plan and pursuant to the Confirmation Order and Stay Order, must be dismissed.

As Wellpath notes in its Brief in support of its motion to dismiss:

> A Liquidating Trust has assumed the Debtors' liability for all General Unsecured Claims, including personal injury and wrongful death claims that arose before the Petition Date. Plan, Articles IV.N., VII; Confirmation Order at 2–3. The Liquidating Trust is funded solely by assets transferred to it under the Plan, and recoveries on such claims are limited to a pro-rata distribution from the Trust. Enjoined Parties may not seek payment for this liability from the Debtors, the Post-Restructuring Debtors, or the property of either entity beyond this distribution. *See* Plan, Article IV.N.; Stay Order, ¶ 4. Holders of Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. *Id.*

(ECF No. 95 at 5.)

### C. **Discussion**

Wellpath was discharged from liability by the United States Bankruptcy Court for claims that arose before November 11, 2024. *See In re Wellpath* (Bankr. Doc. Nos. 2596, 2679, 2680). Pursuant to 11 U.S.C. § 524(a)(2), "[a] discharge in a [Chapter 11 bankruptcy] case . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Therefore, it seeks dismissal of Plaintiff's claims against it with prejudice.

---

[5] Wellpath represents that Plaintiff has affirmatively opted out of the Third-Party Release with respect to any Wellpath employee named in this case, which in this case was former Defendant Michael Herbik. Christie Clayton, Administrator of the Estate of Michael Herbik, has been substituted for Michael Herbik as a party defendant in this action.

Plaintiff asserts that he is not seeking recovery from Wellpath, the Liquidating Trust or the Bankruptcy estate, but seeks to proceed against Wellpath solely to recover available insurance proceeds.

In its Reply Brief, Wellpath explains that on January 25, 2026, the Bankruptcy Court issued a decision in *In Re: Wellpath SF Holdco, LLC*, Case No. 24-90566, that squarely addresses whether a pending civil action may be maintained against Wellpath in order to reach any available third-party insurance. In that decision, the Bankruptcy Court held, in relevant part, as follows:

1. In accordance with Article IV.J of the TDPs, Holders of General Unsecured Claims arising from alleged pre-petition personal injury tort or wrongful death may "proceed in the appropriate civil court and litigate such claim with the [Trust] included as a *nominal defendant*." (emphasis added). As a nominal defendant, the Trust is not required to file answers, participate in discovery or hearings, or take an active role in any such litigation; provided, however, that nothing herein or in the Plan or TDPs shall prevent the Trust from participating in any such case at the direction of the Trustee or engaging in settlement discussions for purposes of determining stipulated Allowed Claim Amounts at the discretion of the Trustee.

2. The Plan does not permit any party to proceed against the Post-Restructuring Debtors or any Debtor, including but not limited to Wellpath LLC, in any capacity, including as a nominal defendant. Pursuant to the Plan, the Court will permit parties to proceed with prepetition claims (i.e., before November 11, 2024) against a Debtor only where such inclusion is necessary for the party to seek or maintain insurance coverage for their claim. Any motion filed by a Holder of an Unsecured Claim seeking an order of this Court to proceed against a Debtor for purposes of pursuing insurance proceeds must provide sufficient evidence to this court that (a) insurance coverage exists for such claims and (b) either (i) there is no applicable SIR or (ii) such claim will exceed the applicable SIR.

3. To the extent a Holder of General Unsecured Claims arising from alleged personal injury tort or wrongful death has, as of the date of this Order, filed such claims against the Post-Restructuring Debtor or any debtor, including but not limited to Wellpath LLC, and (a) no insurance coverage exists for such claims or (b)(i) there is an applicable SIR and (ii) such claim will not exceed the applicable SIR, that Holder must substitute the Liquidating Trust as a nominal defendant in place of the Post-Restructuring Debtor in that litigation. Substitution of the Trust as a nominal defendant is procedural only and shall not alter the relevance of the Debtor's conduct, policies, or actions nor the scope of discovery reasonably necessary to liquidate a claim or determine liability or apportionment. The Trust

may be substituted as a nominal defendant in any dispositive motion currently pending in any such litigation against the Post-Restructuring Debtor or any Debtor.

4. To the extent a Holder of General Unsecured Claims attempts to pursue pre-petition claims against any Debtor, including but not limited to Wellpath, LLC, or to pursue such claims against the Trust in any capacity other than proceeding against the Trust as a nominal defendant, all such attempts are contrary to the Plan and barred by the injunction as asset forth in the Plan and/or the discharge injunction under Bankruptcy Code § 524(a)(2). See Plan, Case No. 24-90533, Docket No. 2596, Exhibit A, Article IX.F (page 134 of the PDF); 11 U.S.C. § 524(a)(2).

Reply, Exhibit A, ¶¶ 1-4. (ECF No. 102-1.)

Thus, Plaintiff can only retain Wellpath in a lawsuit for the purpose of reaching third-party insurance if such insurance is available and the claim will exceed Wellpath's self-insured retention ("SIR"). *Id.* As stated in the Declaration of James Seitz, Director of Insurance of Wellpath Holdings, Inc., which was submitted to the Bankruptcy Court, Wellpath's SIR during the relevant time period is $15 million. (ECF No. 102-2.)

Plaintiff acknowledges that he is solely seeking recovery from Wellpath's liability insurance. He could only do so if there is third-party insurance available and Plaintiff's claim exceeds Wellpath's SIR of $15 million. Having reviewed the allegations of Plaintiff's Complaint, the Court concludes that his claim does not plausibly support a potential recovery that would exceed $15 million.

Therefore, Wellpath's motion to dismiss should be granted with prejudice based on the discharge of Plaintiff's pre-petition claim in bankruptcy. *See Nguien v. PA. Ellis Kaufman, PA. Testa, PA. Roxanne Playso*, Civ. A. No. 3:23-112, 2025 WL 3898693 (W.D. Pa. Oct. 10, 2025).

As noted in the Bankruptcy Court's January 25, 2026, Order, a holder of an unsecured claim that arises from alleged pre-petition personal injury tort or wrongful death may proceed with and litigate such claim with the Liquidating Trust established by the Bankruptcy Court by

including it as a nominal defendant. Therefore, dismissal should be without prejudice to Plaintiff's right to substitute the Trust as a nominal party in place of Wellpath and pursue his claim through the Liquidating Trust as instructed by the Plan. *See Callahan v. Clark*, Civ. A. No. 1:20-305, 2026 U.S. Dist. LEXIS 28628 (W.D. Pa. Feb. 11, 2026).

### D. **Conclusion**

For these reasons, it is respectfully recommended that the Motion to Dismiss filed by Wellpath (ECF No. 95) be granted and the claims against Wellpath/Correct Care Solutions, Inc. be dismissed with prejudice. It is further recommended that Plaintiff's Motion for Determination that Action may Proceed Solely to Recover Available Insurance Proceeds (ECF No. 100) be denied.

Under the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  March 4, 2026                                   /s/ Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        United States Magistrate Judge

7